SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
TENAYA RODEWALD, Cal. Bar No. 248563
379 Lytton Avenue
Palo Alto, California 94301-1479
Telephone:    650.815.2600
Facsimile:    650.815.2601
Email:       jchadwick@sheppardmullin.com
           trodewald@sheppardmullin.com

Attorneys for CALIFORNIA NEWS
PUBLISHERS ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JOSE ALVARADO,<br><br>                Plaintiff,<br><br>v.<br><br>MOTHER JONES, LLC,<br><br>                Defendant. | Case No. 4:19-cv-6417 (JST)<br><br>**APPLICATION OF THE CALIFORNIA NEWS PUBLISHERS ASSOCIATION FOR LEAVE TO FILE AMICUS BRIEF AND RELATED DOCUMENTS**<br><br>Ctrm:    6, 2nd Floor<br>Judge:   The Hon. Jon S. Tiger |

## I.    INTRODUCTION

Plaintiff in this action is represented by attorney Richard P. Liebowitz. Mr. Liebowitz continues to represent plaintiffs in this action and others pending in the Northern District of California ("Northern District"), despite having been disbarred from practice in the Northern District, and in ongoing violation of the Northern District Local Rules. Proposed amicus curiae California News Publishers Association ("CNPA") seeks leave to file the brief and supporting documents submitted herewith, to bring to the Court's attention Mr. Liebowitz's improper conduct, so that the Court can determine whether Mr. Liebowitz's admission *pro hac vice* in this case should be revoked. This application is made pursuant to Local Rule 7-11 and the Court's inherent authority.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of Mr. Liebowitz's disbarment and his continuing practice in the Northern District despite his disbarment and his ongoing violation of the Northern District Local Rules is set forth in detail in the amicus brief submitted herewith. In a nutshell, Mr. Liebowitz is an attorney who specializes in bringing copyright infringement actions on behalf of photographers. His modus operandi is to file lawsuits without providing any prior notice to the publishers he sues, and then to use the costs of litigation in order to extract or seek to extract settlements far in excess of any license fee or any reasonable measure of damages recoverable in the litigation. He has filed more than a thousand such cases in recent years. *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 U.S. Dist. LEXIS 160421, at *1-2 (S.D.N.Y. Sep. 18, 2019). He has been characterized by judges before whom he has appeared as a "copyright troll." *See, e.g.*, *McDermott v. Monday Monday, LLC,* No. 17-cv-9230(DLC), 2018 U.S. Dist. LEXIS 28664, at *8 (S.D.N.Y. Feb. 22, 2018); *McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 U.S. Dist. LEXIS 184049 (S.D.N.Y. Oct. 26, 2018); *Reynolds v. Hearst Communs., Inc.,* No. 17-cv-6720(DLC), 2018 U.S. Dist. LEXIS 35453, at *9 (S.D.N.Y. Mar. 5, 2018).

Until recently, Mr. Liebowitz largely confined his practice to the Southern District of New York. However, last year he began filing actions in the Northern District. By his own testimony, in 2019 alone he brought 19 cases in the Northern District. (*In the Matter of Richard P. Liebowitz*, Case No. 19-mc-80228 (JD), hereafter "*In re Liebowitz*," ECF 8.) In fact, it appears he has brought 21 actions here in 2019. (*In re Liebowitz*, ECF 10-1, Ex. E.) Mr. Liebowitz has admitted that he brought these actions himself, without seeking or obtaining admission to the California bar. (*In re Liebowitz*, ECF 8, fn. 1 ["I never purported to be a member of the Bar of this District. I simply filed cases using an ECF password . . . ."].) By his own admission he did not associate with local counsel or seek admission *pro hac vice*—as is required by the Court's Local Rules—until the District Court issued an original order to show cause in the *In re Liebowitz*, action. (*In re Liebowitz*, ECF 8.)

On October 7, 2019, the District Court issued an "Order of Disbarment." (*In re Liebowitz*, ECF 3.) After making findings, that order concluded as follows: "The Court consequently orders attorney Richard P. Liebowitz removed from the membership roll of the bar of this Court. In addition, attorney Liebowitz is ordered to disclose these OSC proceedings to any judge in this district before whom Liebowitz has a pending pro hac vice application." On October 21, 2019, Mr. Liebowitz submitted a document entitled "Motion to Correct or Otherwise Vacate the Court's Order, Dated October 7, 2019 Respecting the Use of the Term Disbarment." (*In re Liebowitz*, ECF 5.) Although the purpose of this submission is obscure, Mr. Liebowitz apparently sought to vacate the Order of Disbarment to the extent it bars him from admission to the bar and the practice of law in the Northern District. However, to date it has not been vacated or modified.

CNPA is a non-profit trade association representing more than 400 daily, weekly, and student newspapers and digital news media outlets in California. It seeks leave to submit this amicus brief due to the threat to news publishers presented by Mr. Liebowitz due to his unusual and unscrupulous approach to litigation. Mr. Liebowitz has a long history of abuses and sanctions in the course of his practice before other courts. He is currently practicing in the Northern District despite an order disbarring him, and in violation of the local rules. Because his continued participation in this action would be contrary to the Northern District Local Rules and the public interest, the Court may and should revoke his admission *pro hac vice*, as at least one other District Court has done,[1] and bar him from further appearing or representing the Plaintiff in this action.

## III.     THE COURT HAS DISCRETION TO PERMIT THE FILING OF THE AMICUS BRIEF AND RELATED DOCUMENTS, AND SHOULD DO SO IN THIS CASE

### A.     The Court Has Discretion to Permit the Submission of the Amicus Brief and Related Documents, and Leave to File Amicus Briefs Is Liberally Granted

"The district court has broad discretion to appoint amici curiae. We may reverse an order appointing amici only if the district judge has abused his discretion." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds, Sandin v. Conner*, 515 U.S. 472 (1995);

---

[1] *Kuhmstedt v. Livingly Media, Inc*., Case No. 19-cv-05858 (JSW), ECF 13 ("[T]he Court HEREBY REVOKES Mr. Liebowitz's pro hac vice status pending Judge Donato's ruling on counsel's motion to vacate the 'Order of Disbarment.'").

1  *Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2019 U.S. Dist. LEXIS 214578, at *3

2  (E.D. Cal. Dec. 11, 2019). "'There are no strict prerequisites that must be established prior to

3  qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing

4  that his participation is useful to or otherwise desirable to the court.'" *In re Roxford Foods Litig.*,

5  790 F. Supp. 987, 997 (E.D. Cal. 1991), quoting *United States v. Louisiana,* 751 F. Supp. 608, 620

6  (E.D. La. 1990); *California v. United States DOI*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019).

7       "'Generally, courts have exercised great liberality in permitting an amicus curiae to file a

8  brief in a pending case, and, with further permission of the court, to argue the case and introduce

9  evidence.'" *In re Roxford Foods Litig.*, 790 F. Supp. 997, quoting *United States v. Louisiana,* 751

10  F. Supp. at 620; *California v. United States DOI*, 381 F. Supp. 3d at 1164; *Woodfin Suite Hotels,*

11  *LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 U.S. Dist. LEXIS 4467, at *7-8 (N.D. Cal.

12  Jan. 8, 2007). Indeed, "[d]istrict courts frequently welcome amicus briefs from non-parties

13  concerning legal issues that have potential ramifications beyond the parties directly involved or if

14  the amicus has 'unique information or perspective that can help the court beyond the help that the

15  lawyers for the parties are able to provide.'" *Sonoma Falls Dev., LLC v. Nev. Gold & Casinos, Inc.*,

16  272 F. Supp. 2d 919, 925 (N.D. Cal. 2003). quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62

17  (D.D.C. 2003) (citation omitted)).

18       "The touchstone is whether the amicus is 'helpful' . . . ." *Earth Island Inst. v. Nash*, No.

19  1:19-cv-01420-DAD-SAB, 2019 U.S. Dist. LEXIS 214578, at *4. Under these standards, there is

20  ample reason for the Court to consider the amicus brief and related documents submitted herewith.

21  **B.    The Amicus Brief, Which Demonstrates that Plaintiff's Counsel Is Currently
        Disbarred in the Northern District of California and Is Practicing Here in a Manner**

22  **that Violates Local Rules, Is Helpful and Should be Accepted**

23       The Amicus Brief submitted herewith demonstrates that Mr. Liebowitz is practicing in

24  this District despite an order disbarring him, and is systematically violating the Northern District

25  Local Rules in doing so. The Court may already be aware of this, in which case the amicus brief

26  may not be helpful, but that seems unlikely. It is more likely that Mr. Liebowitz's lack of candor

27  has obscured these facts. Mr. Liebowitz was ordered by Judge Donato to bring the order disbarring

28  him to the Court's attention. (*In re Liebowitz*, ECF 3, 4.) Although he filed a notice disclosing the

existence of the In re Liebowitz proceedings, he did not notify the Court of the order disbarring him. (*Alvarado v. Mother Jones, LLC*, ECF 7-2.) Even in the absence of any order requiring him to do so, Mr. Liebowitz had a duty to inform the Court that he is not presently permitted to practice law in the Northern District of California. He did not. The order disbarring Mr. Liebowitz is not obscure: "The Court consequently orders attorney Richard P. Liebowitz removed from the membership roll of the bar of this Court." (*In re Liebowitz*, ECF 3.)

Furthermore, it seems reasonably clear that Mr. Liebowitz has never informed the Court that he is systematically violating the Northern District Local Rules. Local Rule 11-3 governs admission *pro hac vice* in the Northern District. It provides in part as follows:

> "**Disqualification from Pro Hac Vice Appearance**. Unless authorized by an Act of Congress or by an order of the assigned judge, an applicant is not eligible for permission to practice pro hac vice if the applicant . . . Is regularly engaged in the practice of law in the State of California."

Local Rule 11-3(b)(2). Mr. Liebowitz has brought at least 21 cases in the Northern District since March of last year. This is more cases than many if not most litigators admitted to practice in California and before the Northern District bring in any single year. Thus, Mr. Liebowitz is regularly engaged in the practice of law in California, and therefore is not entitled to be admitted *pro hac vice* in this case or any other.

CNPA therefore respectfully submits that the amicus brief and supporting documents submitted herewith should be accepted for filing by the Court, and requests that the Court so order.

## IV. CONCLUSION

CNPA asks that the Court grant this application and accept and consider the amicus brief and supporting documents submitted herewith.

Dated: April 8, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
*/s/ James M. Chadwick*
JAMES M. CHADWICK
TENAYA RODEWALD
Attorneys for CALIFORNIA NEWS
PUBLISHERS ASSOCIATION