SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
TENAYA RODEWALD, Cal. Bar No. 248563
379 Lytton Avenue
Palo Alto, California 94301-1479
Telephone:    650.815.2600
Facsimile:    650.815.2601
Email:        jchadwick@sheppardmullin.com
             trodewald@sheppardmullin.com

Attorneys for CALIFORNIA NEWS
PUBLISHERS ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JOSE ALVARADO,<br><br>                 Plaintiff,<br><br>v.<br><br>MOTHER JONES, LLC,<br><br>              Defendant. | Case No. 4:19-cv-6417 (JST)<br><br>**[PROPOSED] AMICUS BRIEF OF THE CALIFORNIA NEWS PUBLISHERS ASSOCIATION**<br><br>Ctrm.:   6, 2nd Floor<br>Judge:  The Hon. Jon S. Tiger |

## I.    INTRODUCTION

Plaintiff in this action is represented by attorney Richard P. Liebowitz. Mr. Liebowitz is currently barred from practice in the United States District Court for the Northern District of California (the "Northern District"). (*In the Matter of Richard P. Liebowitz*, hereafter "*In Re Liebowitz*," Case No. 3:19-mc-80228-JD, ECF 3.) Furthermore, under the Northern District Local Rules he is not entitled to admission *pro hac vice* in this or any action brought in the Northern District, because he is regularly practicing here. Even if he were not, his studied disregard for the rules of this Court and others would more than warrant denying him the opportunity to practice here. His continued participation in this action is a violation of the order disbarring him and of the Northern District Local Rules. Amicus curiae California News Publishers Association ("CNPA") submits this brief to bring Mr. Liebowitz's conduct to the attention of the Court, and respectfully

suggests that the Court should revoke the order admitting him *pro hac vice*, and bar him from further appearing or representing Plaintiff in this action.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Mr. Liebowitz is an attorney, apparently admitted to practice in the State of New York, who specializes in bringing copyright infringement actions on behalf of photographers. (Declaration of James Chadwick, hereafter "Chadwick Decl.," submitted herewith, ¶ 2.) His modus operandi, which is well known in the publishing industry, is to file lawsuits without providing any prior notice to the publishers he sues, and then to use the costs of litigation in order to extract or seek to extract settlements far in excess of any license fee or any reasonable measure of damages recoverable in the litigation. (Chadwick Decl., ¶ 3.) He has filed more than a thousand such cases in recent years. *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 U.S. Dist. LEXIS 160421, at *1-2 (S.D.N.Y. Sep. 18, 2019) ("According to the Court's records, Mr. Liebowitz, who was admitted to practice in this Court in October 2015, filed 1,110 lawsuits in this Court from the beginning of 2016 through September 16, 2019. That is an average of more than one new case on every day the Court has been open for business. Each and every one of those 1,110 cases has been a copyright infringement suit. Many—probably all or nearly so—have been brought on behalf of photographers who assert that their images have been infringed by Internet web sites and other publishers."). He has been characterized by judges before whom he has appeared as a "copyright troll." *See, e.g.*, *McDermott v. Monday Monday, LLC*, No. 17-cv-9230(DLC), 2018 U.S. Dist. LEXIS 28664, at *8 (S.D.N.Y. Feb. 22, 2018); *McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 U.S. Dist. LEXIS 184049 (S.D.N.Y. Oct. 26, 2018); *Reynolds v. Hearst Communs., Inc.,* No. 17-cv-6720(DLC), 2018 U.S. Dist. LEXIS 35453, at *9 (S.D.N.Y. Mar. 5, 2018).

Until recently, Mr. Liebowitz largely confined his practice to the Southern District of New York. His conduct in the Southern District of New York has been so persistently egregious that, as courts there have observed: "In his relatively short career litigating in this District, Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-related motions and orders." *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 U.S. Dist. LEXIS

1  114690, at *1 (S.D.N.Y. July 10, 2019). *See also Sands v. Bauer Media Grp. USA,* 2019 U.S. Dist.
2  LEXIS 160421, at *3.

3  As his notoriety elsewhere has grown, Mr. Liebowitz has begun filing actions in the
4  Northern District. By his own testimony, in 2019 he brought 19 cases in the Northern District in
5  2019. (*In Re Liebowitz*, ECF 8.) In fact, he has brought at least 21 actions here since March of
6  2019. (*In Re Liebowitz*, ECF 10-1, Ex. E; Chadwick Decl., ¶ 15 and Ex. K.) Mr. Liebowitz admits
7  that he brought these actions himself, without previously seeking or obtaining admission to the
8  California bar.  (*In Re Liebowitz*, ECF 8, fn. 1 ["I never purported to be a member of the Bar of
9  this District.  I simply filed cases using an ECF password . . . ."].)  He claims that he did so "with
10 the intent of obtaining local counsel in each case." (*In Re Liebowitz*, ECF 8, fn. 1.) However,
11 despite having regularly brought and pursued numerous actions in the Northern District since
12 March of last year, by his own admission he did not associate with local counsel or seek admission
13 *pro hac vice*—as is required by the Court's Local Rules—until the District Court issued its
14 original order to show cause in the *In Re Liebowitz* action.  (*In Re Liebowitz*, ECF 8.)

15 On September 20, 2019, the District Court initiated an inquiry into Mr.  Liebowitz's
16 conduct with the issuance, on its own motion, of an order directing Mr. Liebowitz to show cause
17 why his membership in the bar of the Northern District should not be terminated. (*In Re Liebowitz*,
18 ECF 1.) Mr. Liebowitz responded on October 4, 2019. (*In Re Liebowitz*, ECF 2.) On October 7,
19 2019, the Court issued an "Order of Disbarment." (*In Re Liebowitz*, ECF 3.) After making
20 findings, that order concluded as follows: "The Court consequently orders attorney Richard P.
21 Liebowitz ***removed from the membership roll of the bar of this Court***. In addition, attorney
22 Liebowitz is ordered to disclose these OSC proceedings to any judge in this district before whom
23 Liebowitz has a pending pro hac vice application." (*Id.*, emphasis added.)

24 On October 21, 2019, Mr. Liebowitz submitted a document entitled "Motion to Correct or
25 Otherwise Vacate the Court's Order, Dated October 7, 2019 Respecting the Use of the Term
26 Disbarment." (*In Re Liebowitz*, ECF 5.) Although the purpose of this submission is unclear,
27 Mr. Liebowitz apparently sought to have the District Court vacate the Order of Disbarment to the
28 extent it bars him from admission to the bar and the practice of law in the Northern District. On

November 18, 2019, the Court vacated the hearing on Mr. Liebowitz's motion and indicated that it would issue a decision on the merits. (*In Re Liebowitz*, ECF 9.) To date, the District Court has not vacated its order disbarring Mr. Liebowitz. (Chadwick Decl., ¶ 16.)

The California News Publishers Association ("CNPA") is a non-profit trade association representing more than 400 daily, weekly, and student newspapers and digital news media outlets in California. For well over a century, CNPA has defended the First Amendment rights of publishers to gather and disseminate—and the right of the public to receive—news and information. CNPA works with the Legislature on bills affecting public access, and it regularly appears as amicus curiae in CPRA cases in this Court and the courts of appeal in order to provide its perspective on the tangible, ground-level effects of the law on its members. It makes this submission because it recognizes the threat to news publishers presented by Mr. Liebowitz. Given the ubiquitous availability of images through a wide variety of online sources, and the fact that many photographers make a practice of permitting their works to be distributed through means that allow unprotected copying and distribution, and then sue—often using Mr. Liebowitz as their attorney—when an unwitting publisher picks up one of their images, this threat is substantial.

Mr. Liebowitz has been disbarred in the Northern District. Nevertheless, he has continued practicing here. In the course of his practice he has violated the Northern District Local Rules by repeatedly seeking and obtaining admission *pro hac vice* despite the fact that he is regularly practicing in the State of California and the Northern District. Furthermore, Mr. Liebowitz's long history of abuses and sanctions in the course of his practice before other courts should disqualify him from practice here. Therefore, his admission *pro hac vice* in this action should be revoked, and he should be barred from further appearing or representing the Plaintiff in this action.

**III.    MR. LEIBOWITZ HAS BEEN DISBARRED IN THE NORTHERN DISTRICT, CANNOT BE ADMITTED HERE GENERALLY, AND DOES NOT QUALIFY FOR ADMISSION PRO HAC VICE**

**A.    Mr. Liebowitz Has Been Disbarred in the Northern District**

As noted above, the District Court initiated a proceeding inquiring into Mr. Liebowitz's initiation of litigation and representation of clients in proceedings in the Northern District. *In the*

*Matter of Richard P. Liebowitz*, Case No. 3:19-mc-80228-JD. As a result, on October 7, 2019, the District Court entered an order disbarring him in the Northern District. That order states:

> To be a member of the bar of this Court, an attorney must be an active member in good standing of the State Bar of California. N.D. Cal. Civil L.R. 11-1(b). An attorney search on the State Bar of California's website, http://www.calbar.ca.gov/, indicated that attorney Liebowitz is not an active member of the California bar, and so the Court issued an order directing him to show cause why his membership in the bar of this Court should not be terminated. Dkt. No. 1. ¶ Liebowitz's response, Dkt. No. 2, is not responsive and does not say anything at all about his membership in the State Bar of California. He states that he has obtained "local co-counsel," Dkt. No. 2 ¶ 1, but that is not sufficient. ¶ The Court consequently orders attorney Richard P. Liebowitz removed from the membership roll of the bar of this Court. In addition, attorney Liebowitz is ordered to disclose these OSC proceedings to any judge in this district before whom Liebowitz has a pending pro hac vice application.

(*In Re Liebowitz*, ECF 3.) On October 17, 2019, the District Court entered another order, which states as follows:

> On October 7, 2019, the Court entered an order of disbarment against attorney Richard Liebowitz. Dkt. No. 3. Liebowitz was directed to disclose the order to all judges within this district before whom he has a pending pro hac vice. *Id.* ¶ The Court is concerned that Liebowitz has not complied with the disbarment order. Consequently, he is ordered to file a declaration under penalty of perjury that: (1) identifies all pending cases in this district in which he has appeared as counsel in any capacity; (2) states, for each case, whether he has appeared pro hac vice or as a purported member of the bar of this district; and (3) provides, for each case in which he has had a pro hac vice application pending on or after October 7, 2019, the docket number of the filing that advised the judge of the OSC proceedings. ¶ The declaration must be filed by November 4, 2019. Liebowitz is advised that a failure to file a complete response to this order under penalty of perjury may result in sanctions, including but not limited to a bar on any legal practice in this district, a referral to the district's attorney discipline committee, and potential monetary sanctions.

(*In Re Liebowitz*, ECF 4.) On November 4, 2019, Mr. Liebowitz filed a declaration in which he asserted that he had complied with the District Court's order. But he did not disclose that he was continuing to participate and represent clients in the actions he had brought in the Northern District, despite having been disbarred. (*In Re Liebowitz*, ECF 8.)

In the meantime, on October 21, 2019, Mr. Liebowitz had filed a motion to "correct or otherwise vacate" the order of disbarment. (*In Re Liebowitz*, ECF 5.) On November 18, 2019, the Court vacated the hearing on Mr. Liebowitz's motion and indicated that it would issue a decision on the merits. (*In Re Liebowitz*, ECF 9.) To date, the District Court has not vacated its order barring Mr. Liebowitz from practice in the Northern District. (Chadwick Decl., ¶ 16.)

SMRH:4813-8674-2457.1   [PROPOSED] AMICUS BRIEF OF CNPA

Thus, Mr. Liebowitz has been disbarred from practice in the Northern District since October 7, 2019. He has nonetheless continued to practice and represent clients here, in apparent violation of the order of the District Court. He should not be permitted to continue to do so.

At least one District Court Judge has already recognized this, and has revoked Mr. Liebowitz admission *pro hac vice*. On October 22, 2019, Judge Jeffery S. White issued an order to show cause, stating:

> The Court has learned that Mr. Liebowitz has been disbarred in the Northern District of California. Mr. Liebowitz is HEREBY ORDERED TO SHOW CAUSE, no later than October 25, 2019, as to why the Court should not revoke its Order approving his application to proceed *pro hac vice* in the above-captioned matter.

(*Kuhmstedt v. Livingly Media, Inc*., Case No. 19-cv-05858 (JSW), hereafter "*Kuhmstedt v. Livingly*," ECF 10.) Mr. Liebowitz filed a response on October 25, 2019. (*Kuhmstedt v. Livingly*, ECF 12.) On October 29, 2019, Judge White issued an order revoking Mr. Liebowitz admission:

> The Court has reviewed Mr. Liebowitz's response to its Order to Show Cause. In light of Mr. Liebowitz's assertions, the Court HEREBY REVOKES Mr. Liebowitz's *pro hac vice* status pending Judge Donato's ruling on counsel's motion to vacate the "Order of Disbarment." If Judge Donato vacates his order, Mr. Liebowitz may reapply for admission *pro hac vice*.

(*Kuhmstedt v. Livingly*, ECF 13.) This Court should do the same.

**B.     Mr. Liebowitz Is Not Entitled to Admission to the Bar of the Northern District**

"Federal courts have long had the authority to 'establish criteria for admitting lawyers to argue before them.'" *Bundy v. United States Dist. Court (In re Bundy)*, 840 F.3d 1034, 1042 (9th Cir. 2016), quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006). "The right to practice law in courts of jurisdictions in which an attorney is not admitted to the bar is not a right protected by the due process clause of the Fourteenth Amendment." *Kohlmayer v. AMTRAK*, 124 F. Supp. 2d 877 (D. N.J. 2000), citing *Leis v. Flynt*, 439 U.S. 438, 441-42, 58 L. Ed. 2d 717, 99 S. Ct. 698 (1979).

An attorney's ability to practice in the Northern District is governed by Local Rules 11-1 et seq. Local Rule 11-1 provides in part as follows:

> Except as provided in Civil L.R. 11-2, 11-3, 11-9 and Fed. R. Civ. P. 45(f) an attorney must be a member of the bar of this Court to practice in this Court and in the Bankruptcy Court of this District. . . . ***To be eligible for admission to and***

1
2
3

***continuing membership in the bar of this Court, an attorney must be an active member in good standing of the State Bar of California***, except that for any attorney admitted before September 1, 1995 based on membership in the bar of a jurisdiction other than California, continuing active membership in the bar of that jurisdiction is an acceptable alternative basis for eligibility.

4   Local Rule 11-1(a), (b) (emphasis added). Mr. Liebowitz admits—indeed, insists—that he is not

5   an active member in good standing of the State Bar of California. (*In Re Liebowitz*, EFC 8, fn. 1.)

6   Therefore, he does not and cannot meet the requirements for general admission to the bar of the

7   Northern District. He is entitled to practice in the Northern District only if he qualifies under one

8   of the exceptions provided for by Local Rule 11-1. Of these exceptions, the only one that is

9   potentially applicable is Local Rule 11-3, governing admission in the Northern District *pro hac*

10  *vice*.  *See* Fed.R.Civ.P. 45(f), Local Rules 11-2, 11-3.

11
12

**C.    Mr. Liebowitz Is Not Qualified for Admission *Pro Hac Vice*, and Should Be Barred from Continuing to Appear and Practice in this Case**

13         The decision as to whether to admit an attorney to practice *pro hac vice* is left to the

14  discretion of the court. *In re Bundy*, 840 F.3d at 1042 (applying abuse of discretion standard);

15  *United States v. Ries*, 100 F.3d 1469, 1471-1472 (9th Cir. 1996) (same); *Kohlmayer v. AMTRAK*,

16  124 F. Supp. 2d 877, 882 (D.N.J. 2000) (courts retain "broad discretion" in determining whether

17  to admit counsel *pro hac vice*). "[A] court's decision to deny pro hac vice admission must be

18  based on criteria reasonably related to promoting the orderly administration of justice or some

19  other legitimate policy of the courts." *In re United States*, 791 F.3d 945, 957 (9th Cir. 2015). In

20  denying a *pro hac vice* application, the judge must articulate reasons. *Ries*, 100 F.3d at 1472.

21         Mr. Liebowitz does not qualify for admission *pro hac vice* and should not be permitted to

22  appear *pro hac vice* in this or any other action in the Northern District, for at least two reasons.

23  First, he has been practicing in California regularly and continues to do so. Second, his conduct as

24  attorney to date is such that there is little if any reason to believe that he will abide by the

25  rules—or even the orders—of the Northern District and its judges.

26         Local Rule 11-3 governs admission *pro hac vice* in the Northern District.  It provides in

27  part as follows: "**Disqualification from Pro Hac Vice Appearance**. Unless authorized by an Act

28  of Congress or by an order of the assigned judge, an applicant is not eligible for permission to

practice pro hac vice if the applicant . . . Is regularly engaged in the practice of law in the State of California."  Local Rule 11-3(b)(2).

> Frequent applications for admission pro hac vice may indicate that an attorney is regularly engaged in professional activities in California in violation of Local Rule 180(b)(2). *See, e.g., Guguni v. Chertoff*, 2008 WL 2080788 (N.D. Cal. 2008); *Mendoza v. Golden West Sav. Ass'n Services* Co., 2009 U.S. Dist. LEXIS 64709, 2009 WL 2050486 (C.D. Cal. 2009); *Ang v. Bimbo Bakeries USA, Inc*., 2015 U.S. Dist. LEXIS 44273, 2015 WL 1474866 (N.D. Cal. 2015). It therefore appears Mr. Downey may be considered to have regularly engaged in professional activities in California and therefore be ineligible for admission pro hac vice.

*Vasquez v. Leprino Foods Co*., No. 1:17-cv-00796-AWI-BAM, 2019 U.S. Dist. LEXIS 151569 (E.D. Cal. Sep. 5, 2019). Mr.  Liebowitz's own submissions to the District Court demonstrate that he is regularly engaged in in the practice of law in California. He admits that he has brought at least 19 actions in the Northern District in the past year alone, seeking—albeit only after the District Court issued an order to show cause—admission *pro hac vice* in the vast majority of them. (*In re Liebowitz*, ECF 8.) In fact, he has filed at least 21 actions in the Northern District of California since March of last year. (Chadwick Decl., ¶ 15 and Ex. K.) A history of participating in only nine cases is sufficient to constitute the regular practice of law in California, disqualifying at attorney from admission *pro hac vice*. *Mendoza v. Golden W. Sav. Ass'n Servs. Co*., No. CV 09-1200 GAF (VBKx), 2009 U.S. Dist. LEXIS 64709 (C.D. Cal. July 7, 2009). For this reason alone, Mr. Liebowitz does not qualify for admission *pro hac vice* in the Northern District, and should not be admitted *pro hac vice* in any case here.

But this is not the only reason Mr. Liebowitz should not be allowed to appear *pro hac vice*. If an attorney's past conduct suggests that the attorney will not adhere to the court's rules and practices, admission *pro hac vice* may properly be denied.  *Ries*, 100 F.3d at 1472; *In re Bundy*, 840 F.3d at 1042. "Where a court is made aware of a pattern of uncivilized behavior by an attorney, bordering on the unethical, which has resulted in the waste of judicial time in the past, it must have discretion to deny the otherwise leniently granted *pro hac vice* applications in the interest of judicial economy."  *Kohlmayer*, 124 F. Supp. 2d at 883.

Mr. Liebowitz has a long history of violations of court rules and practices that have resulted in the imposition of sanctions.  The following list is illustrative, not exhaustive:

- *Berger v. Imagina Consulting, Inc.*, No 7:18-cv-08956 (CS), 2019 U.S. Dist. LEXIS 213321 (S.D.N.Y. Nov. 1, 2019). The court detailed Mr. Liebowitz's sustained pattern of conduct in lying to opposing counsel and the court about the alleged death of his grandfather (the date of which he mispresented as an excuse for failing to participate in a discovery hearing), noted his effort to avoid sanctions and any further inquiry into his conduct by settling the case, held Mr. Liebowitz in contempt of court, and directed him to show cause why he should not be incarcerated until he paid contempt sanctions.[1] (ECF 10-1, Ex. B; Chadwick Decl., ¶ 4, Ex. A.)

- *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 338-39 (S.D.N.Y. 2019). The court imposed sanctions on Mr. Liebowitz and his law firm for filing a meritless motion, "made vexatiously and in bad faith," to disqualify an opposing expert. (Chadwick Decl., ¶ 5, Ex. B)

- *Stelzer v. Lead Stories LLC*, Civil Action No. 19-cv-00473-PAB-KMT, 2019 U.S. Dist. LEXIS 178345, at *9-10 (D. Colo. July 3, 2019). The court imposed terminating sanctions against Mr. Liebowitz's client for failure to comply with multiple deadlines and court orders that "evidences not an administrative error, but a pattern of disrespect for the magistrate judge's authority." The court found that terminating sanctions were warranted because "plaintiff's lack of respect for the judicial process indicates that any lesser sanction would have little to no effect. Plaintiff's counsel has previously been sanctioned in another district for similar behavior, which clearly has had no deterrent effect. Under these circumstances, no lesser sanction is appropriate and dismissal is the proper result." *Id.* (Chadwick Decl., ¶ 6, Ex. C)

- *Steeger v. JMS Cleaning Services, LLC*, 17-cv-8013(DLC), 2018 U.S. Dist. LEXIS 32730, at *3 (S.D.N.Y. Feb. 28, 2018) (Chadwick Decl., ¶ 7, Ex. D). The court found, among other things, that "Mr. Liebowitz's claim that his failure to serve [defendant] with the

---

[1] On November 13, 2019, the court refused to vacate its prior findings of contempt because "Mr. Liebowitz willfully lied to the Court and willfully failed to comply with lawful Court orders." (*See* Chadwick Decl., ¶ 13, Ex. J, Minute Entry dated 11/13/2019.) The court also stated that it "will defer to the Grievance Committee as to further action" against Mr. Liebowitz. (*Id.*)

Notice of Pretrial Conference was 'inadvertent' and an 'honest mistake' is unpersuasive given his prior practice before this Court and in this district." This decision and order was modified on reconsideration in an order entered on March 15, 2018, *Steeger v. JMS Cleaning Services, LLC*, No. 17-cv-8013 (DLC), 2018 U.S. Dist. LEXIS 42797 (S.D.N.Y. Mar. 15, 2018) (Chadwick Decl., ¶ 7, Ex. E). On reconsideration, the court reduced the monetary sanctions imposed on Mr. Liebowitz from $10,000 to $2,000, but also required him to participate in a legal education program on ethics and professionalism, noting, *inter alia*, that "Mr. Liebowitz does not dispute that in at least three separate cases in this district he failed to serve the notices of initial conference, thereby failing to comply with three separate court orders. Nor does he express any regret or acknowledgement that he has failed to adhere to the standards expected of officers of this court." *Id.*, at *7-*8.

- *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 U.S. Dist. LEXIS 114690 (S.D.N.Y. July 10, 2019). The Court held that "sanctions should indeed be imposed on Mr. Liebowitz for his repeated failure to comply with this Court's orders, failures that imposed considerable and unwarranted costs on the Court, its staff, and Defendant NBCUniversal Media, LLC." *Id.*, at *1. The court imposed monetary sanctions of $8,745.50. *Id.*, at *20. (Chadwick Decl., ¶ 8, Ex. F.)

- *Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-CV-3670 (VEC), 2019 U.S. Dist. LEXIS 175618, at *2 (S.D.N.Y. Oct. 9, 2019). The court imposed sanctions of $1,000 for Mr. Liebowitz's failure to comply with a prior order of the court. The court found that his "attempted justification not only offers no legitimate explanation for his initial failure to comply with the May 2 Order, but also highlights Mr. Liebowitz's continual disregard for this Court's orders in multiple other cases." *Id.*, at *8. (Chadwick Decl., ¶ 9, Ex. G.)

- *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 U.S. Dist. LEXIS 160421 (S.D.N.Y. Sep. 18, 2019). The court granted a motion for sanctions for discovery misconduct, finding that Mr. Liebowitz and his firm withheld critical information in discovery and offered no meaningful justification or excuse, and required Mr. Liebowitz to pay defendant's reasonable attorneys' fees. (Chadwick Decl., ¶ 10, Ex. H.)

- *Ferdman v. CBS Interactive, Inc.,* 342 F. Supp. 3d 515 (S.D.N.Y. 2018). The court imposed discovery sanctions, precluding the use of evidence pertaining to the copyright registration for the plaintiff's photograph based on the evidence having been improperly withheld during discovery and denied the plaintiff's motion for summary judgment. *Id.,* at 524-530. (Chadwick Decl., ¶ 11, Ex. I.)

As one court in the Southern District of New York has observed: "It is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone." *Rice v. NBCUniversal Media, LLC*, 2019 U.S. Dist. LEXIS 114690, at *1.

Mr. Liebowitz's conduct while practicing in the Northern District demonstrates a continued pattern of flagrant disregard for the rules and practices of the Court. He filed at least 19 actions in a single year without being admitted to the California State bar and without associating with counsel who was or applying for admission *pro hac vice* until he was caught out by the District Court and ordered to show cause why he should not be disbarred. In purported justification of this conduct, he has asserted that this pattern of conduct "is a routine custom and practice in many districts throughout the federal court system." (*In Re Liebowitz*, ECF 8, fn. 1.) He provides no basis for this assertion. It is contrary to the experience of counsel for CNPA, who in almost 30 years of practice has appeared in federal and state courts across the country and has always associated with local counsel and either applied for admission *pro hac vice* or for admission to the bar of the pertinent federal District Court, as directed by local rules and/or statutes. (Chadwick Decl., ¶ 14.) CNPA's counsel is not aware of any other attorney who has brought a large number of cases in the Northern District who was not admitted in California and did not associate with local counsel and seek admission *pro hac vice* from the outset of the litigation. (*Id.*)

In addition, as discussed above, Mr. Liebowitz has continued practicing in the Northern District, pursing and participating in litigation here, despite having been disbarred. He has apparently succeeded in doing so by not fully disclosing the nature and consequences of the

proceeding in the *In re Liebowitz* matter. Despite the District Court's order, it appears that Mr. Liebowitz did not disclose in any of his pending matters the fact that he has been disbarred.[2]

In short, Mr. Liebowitz is demonstrably dishonest and is constitutionally incapable of conforming his conduct to the rules and practices of the Northern District. There is no sound justification for admitting him to practice in any case here. *See, e.g., In re Bundy*, 840 F.3d at 1045-46 (upholding denial of *pro hac vice* admission based on a similar record of an attorney's misconduct and disregard for the rules of court); *Mendoza*, 2009 U.S. Dist. LEXIS 64709 (denying *pro hac vice* admission to attorney who was regularly practicing law in the state). There are compelling reasons not to do so. The Court should revoke his admission *pro hac vice*, and bar him from further appearing or representing the Plaintiff in this action.

## IV.    CONCLUSION

Mr. Liebowitz has displayed contempt for the rules and practices of this Court and others, for his duty of candor to the courts, and for his obligations to his opponents. He is a confirmed copyright troll, using the courts to extort unwarranted settlements. He should not be permitted to expand his dubious enterprise to the Northern District of California. His admission *pro hac vice* in this action should be revoked, and he should be prohibited from further appearing or representing the Plaintiff in this action.

Dated: April 8, 2020            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ James M. Chadwick*
            JAMES M. CHADWICK
            TENAYA RODEWALD
        Attorneys for California News Publishers
                    Association

---

[2] He disclosed the order of disbarment in *Kuhmstedt v. Livingly Media, Inc.*, Case No. 19-cv-05858 (JSW), but only in response to Judge White's order to show cause.

Case No. 4:19-cv-6417 (JST)
[PROPOSED] AMICUS BRIEF OF CNPA