SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
TENAYA RODEWALD, Cal. Bar No. 248563
379 Lytton Avenue
Palo Alto, California 94301-1479
Telephone:    650.815.2600
Facsimile:    650.815.2601
Email:         jchadwick@sheppardmullin.com
               trodewald@sheppardmullin.com

Attorneys for CALIFORNIA NEWS
PUBLISHERS ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JOSE ALVARADO,<br><br>                    Plaintiff,<br><br>v.<br><br>MOTHER JONES, LLC,<br><br>                    Defendant. | Case No. 4:19-cv-6417 (JST)<br><br>**[PROPOSED] DECLARATION OF JAMES CHADWICK IN SUPPORT OF AMICUS BRIEF OF THE CALIFORNIA NEWS PUBLISHERS ASSOCIATION**<br><br>Ctrm:    6, 2nd Floor<br>Judge:   The Hon. Jon S. Tiger |

I, JAMES CHADWICK, declare:

1.      I, James Chadwick, am a member in good standing of the State Bar of California, admitted to practice before this Court since 1991. I am an attorney with the law firm of Sheppard Mullin Richter & Hampton, LLP, counsel for non-party California News Publishers Association. I have personal knowledge of the matters set forth in this declaration, and if called as a witness I could and would testify to the facts stated herein.

2.      Richard Liebowitz is an attorney, apparently admitted to practice in the State of New York, who specializes in bringing copyright infringement actions on behalf of photographers. I have represented clients in actions brought by Mr. Liebowitz, and I have reviewed dockets, pleadings, and orders in many other actions brought by Mr. Liebowitz.

3.      Mr. Liebowitz typically files lawsuits without providing prior notice to the publishers he sues, and then seeks to use the costs of litigation in order to extract settlements far in excess of any license fee or any reasonable measure of damages recoverable in the litigation. I am familiar with numerous news publishers and counsel for news publishers across the country. Because Mr. Liebowitz has filed so many lawsuits against news publishers, he and his approach to litigation are well known to U.S. news publishers and their counsel.

4.      Attached hereto as **Exhibit A** is a true and correct copy of the order entered Nov. 1, 2019 in *Berger v. Imagina Consulting, Inc.*, No 7:18-cv-08956 (CS), 2019 U.S. Dist. LEXIS 213321 (S.D.N.Y. Nov. 1, 2019) downloaded from the Lexis case law database. In this order, the court detailed Mr. Liebowitz's sustained pattern of conduct in lying to opposing counsel and the court about the alleged death of his grandfather (the date of which he misrepresented as an excuse for failing to participate in a discovery hearing), noted his effort to avoid sanctions and any further inquiry into his conduct by settling the case, held Mr. Liebowitz in contempt of court, and directed him to show cause why he should not be incarcerated until he paid contempt sanctions.

5.      Attached hereto as **Exhibit B** is a true and correct copy of the decision and order of the United States District Court for the Southern District of New York entered March 29, 2019 in the case of *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 338-39 (S.D.N.Y. 2019) downloaded from the Lexis case law database. In this action, the court imposed sanctions on Mr. Liebowitz and his law firm for filing a meritless motion, "made vexatiously and in bad faith," to disqualify an opposing expert.

6.      Attached hereto as **Exhibit C** is a true and correct copy of the decision and order of the United States District Court for the District of Colorado entered July 3, 2019 in *Stelzer v. Lead Stories LLC*, No. 19-cv-00473-PAB-KMT, 2019 U.S. Dist. LEXIS 178345, at *9-10 (D. Colo. July 3, 2019) downloaded from the Lexis case law database. In this action, the court imposed terminating sanctions against Mr.  Liebowitz's client for failure to comply with multiple deadlines and court orders that "evidence[d] not an administrative error, but a pattern of disrespect for the magistrate judge's authority."  The court found that terminating sanctions were warranted because "plaintiff's lack of respect for the judicial process indicates that any lesser sanction would have

little to no effect. Plaintiff's counsel has previously been sanctioned in another district for similar behavior, which clearly has had no deterrent effect. Under these circumstances, no lesser sanction is appropriate and dismissal is the proper result." *Id.*

7.     Attached hereto as **Exhibit D** is a true and correct copy of the decision and order of the United States District Court for the Southern District of New York entered February 28, 2018 in *Steeger v. JMS Cleaning Services, LLC*, No. 17-cv-8013 (DLC), 2018 U.S. Dist. LEXIS 32730, at *3 (S.D.N.Y. Feb. 28, 2018) downloaded from the Lexis case law database. There the court found, among other things, that "Mr. Liebowitz's claim that his failure to serve [defendant] with the Notice of Pretrial Conference was 'inadvertent' and an 'honest mistake' is unpersuasive given his prior practice before this Court and in this district." This decision and order was modified on reconsideration in an order entered on March 15, 2018, *Steeger v. JMS Cleaning Services, LLC*, No. 17-cv-8013 (DLC), 2018 U.S. Dist. LEXIS 42797 (S.D.N.Y. Mar. 15, 2018), a true and correct copy of which was downloaded from the Lexis case law database and is attached hereto as **Exhibit E**. On reconsideration, the court reduced the monetary sanctions imposed on Mr. Liebowitz from $10,000 to $2,000, but also required him to participate in a legal education program on ethics and professionalism, noting, *inter alia*, that "Mr. Liebowitz does not dispute that in at least three separate cases in this district he failed to serve the notices of initial conference, thereby failing to comply with three separate court orders. Nor does he express any regret or acknowledgement that he has failed to adhere to the standards expected of officers of this court." *Id.*, at *7-*8.

8.     Attached hereto as **Exhibit F** is a true and correct copy of the decision and order of the United States District Court for the Southern District of New York entered July 10, 2019 in *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 U.S. Dist. LEXIS 114690 (S.D.N.Y. July 10, 2019) downloaded from the Lexis case law database. In this action the court held that "sanctions should indeed be imposed on Mr. Liebowitz for his repeated failure to comply with this Court's orders, failures that imposed considerable and unwarranted costs on the Court, its staff, and Defendant NBCUniversal Media, LLC." *Id.*, at *1. The court noted that "[i]n his relatively short career litigating in this District, Richard Liebowitz has earned the dubious

distinction of being a regular target of sanctions-related motions and orders. Indeed, it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone." *Id.*, citing cases. The court imposed monetary sanctions of $8,745.50.  *Id.*, at *20.

9.      Attached hereto as **Exhibit G** is a true and correct copy of the order of the United States District Court for the Southern District of New York entered October 9, 2019, in *Polaris Images Corp. v. CBS Interactive, Inc.,* No. 19-CV-3670 (VEC), 2019 U.S. Dist. LEXIS 175618, at *2 (S.D.N.Y. Oct. 9, 2019) downloaded from the Lexis case law database. In this action, the court imposed sanctions of $1,000 for Mr. Liebowitz's failure to comply with a prior order of the court. The court found that his "attempted justification not only offers no legitimate explanation for his initial failure to comply with the May 2 Order, but also highlights Mr. Liebowitz's continual disregard for this Court's orders in multiple other cases." *Id.*, at *8.

10.      Attached hereto as **Exhibit H** is a true and correct copy of the order of the United States District Court for the Southern District of New York entered September 18, 2019 in *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 U.S. Dist. LEXIS 160421 (S.D.N.Y. Sep. 18, 2019) downloaded from the Lexis case law database.  In this action, the court granted a motion for sanctions for discovery misconduct, finding that Mr. Liebowitz and his firm withheld critical information in discovery and offered no meaningful justification or excuse, and required Mr. Liebowitz to pay defendant's reasonable attorneys' fees.

11.      Attached hereto as **Exhibit I** is a true and correct copy of the decision and order of the United States District Court for the Southern District of New York entered  *Ferdman v. CBS Interactive, Inc.,* 342 F. Supp. 3d 515 (S.D.N.Y. 2018) downloaded from the Lexis case law database. In this action, the court imposed discovery sanctions, precluding the use of evidence pertaining to the copyright registration for the plaintiff's photograph based on the evidence having been improperly withheld during discovery and denied the plaintiff's motion for summary judgment. *Id.,* at 524-530.

12.     The decisions and orders attached hereto as Exhibits A – I are also available on the PACER websites and dockets for the United States District Courts for the Southern District of New York and the District of Colorado.

13.     Attached hereto as **Exhibit J** is a true and correct copy of the docket in the case *Berger v. Imagina Consulting, Inc.*, No 7:18-cv-08956 (CS) (S.D.N.Y.) that was printed from the PACER website of the Federal District Court for the Southern District of New York on December 14, 2019. As shown in the court's Minute Entry dated 11/13/2019, the court refused to vacate its prior findings of contempt because "Mr. Liebowitz willfully lied to the Court and willfully failed to comply with lawful Court orders." The court also stated that it "will defer to the Grievance Committee as to further action" against Mr. Liebowitz.  (*Id.*)

14.     I was admitted to practice in 1991, and I have practiced in federal and state courts across the country since then, including New York, Michigan, North Carolina, Florida, Arizona, Idaho, Virginia and Kentucky. When appearing in federal or state court outside of California, I have always associated with local counsel and either applied for admission *pro hac vice* or for admission to the bar of the pertinent federal District Court, as directed by local rules and/or statutes. In my experience, this has also been the regular if not invariable practice of my partners. I am not aware of any attorney other than Mr. Liebowitz who has brought a large number of cases in the Northern District who was not admitted in California and did not associate with local counsel and seek admission *pro hac vice* from the outset of the litigation.

15.     Attached hereto as **Exhibit K** is a list showing the results of a search using PACER for all cases brought in the Northern District of California in which Mr. Liebowitz is listed as counsel for the plaintiff. There are 22 total cases, but one of them is *In the Matter of Richard P. Liebowitz*, Case No. 19-mc-80228 (JD), which was initiated by the District Court. The remaining 21 cases were all brought by Mr. Liebowitz since March of 2019. I have reviewed the dockets of each of these 21 cases and have confirmed that they were filed in the Northern District of California in or after March of 2019, and that Mr. Liebowitz is listed as counsel for the plaintiff in each of them.

16.     Using PACER, I have reviewed the docket of the proceedings in *In the Matter of Richard P. Liebowitz*, Case No. 19-mc-80228 (JD). As of the date of this declaration, the District Court has not vacated the order issued in that proceeding barring Mr. Liebowitz from practice in the Northern District.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 8th day of April, 2020, at Palo Alto, California.


*/s/ James Chadwick*
James Chadwick