1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7   JOSE ALVARADO,                         Case No. 19-cv-06417-JST
8                    Plaintiff,
                                           **ORDER REVOKING PRO HAC VICE**
9         v.                               **ADMISSION AND DISMISSING CASE**
10  MOTHER JONES, LLC,
11                   Defendant.
12
13         Plaintiff Jose Alvarado, a photographer, filed this copyright infringement action against

14  Defendant Mother Jones, LLC on October 7, 2019.  ECF No. 1.  Alvarado alleges that Mother

15  Jones published one of his photographs on its website without a license, permission, or consent.

16  *Id.* ¶¶ 10-11.  He seeks actual damages and profits or up to $150,000 in statutory damages, plus

17  attorney's fees and costs.  *Id.* ¶¶ 16-18.

18         Alvarado's complaint was signed by Richard Liebowitz, an attorney based in New York.

19  *Id.* at 4.  On October 21, 2019, Liebowitz moved for leave to appear in this Court pro hac vice.

20  ECF No. 7.  His application was sponsored by Gregory Peter Goonan, who filed a notice of

21  appearance on December 4, 2019.  ECF No. 9.  Liebowitz attached the required certificate of good

22  standing from the Southern District of New York, ECF No. 7-1, as well as a notice of order to

23  show cause proceedings in *In the Matter of Richard P. Liebowitz*, No. 19-mc-80228-JD (N.D.

24  Cal.), ECF No. 7-2.  In that case, Judge James Donato issued an "Order of Disbarment," finding

25  that, because Liebowitz was not a member of the California bar, he was ineligible for membership

26  in the Northern District bar.  No. 19-mc-80228-JD, ECF No. 3.  Judge Donato ordered Liebowitz

27  "removed from the membership roll of the bar of this Court" and instructed him to "disclose these

28  OSC proceedings to any judge in this district before whom Liebowitz has a pending pro hac vice

*United States District Court*
*Northern District of California*

application."[1]  *Id.*  This Court granted Liebowitz's pro hac vice application on October 22, 2019.
ECF No. 8.  Alvarado moved for entry of default on March 18, 2020, ECF No. 14, which the
Clerk granted the next day, ECF No. 15.

On April 16, 2020, after receiving an application to file an amicus brief regarding
Liebowitz's fitness to practice in the Northern District of California, *see* ECF No. 19, the Court
issued an order to show cause why Liebowitz's pro hac vice admission should not be revoked.
ECF No. 22.  The Court cited Civil Local Rule 11-3(b)(2), which provides that an applicant is not
eligible for pro hac vice admission if he "[i]s regularly engaged in the practice of law in the State
of California."  *Id.*  The Court ordered Liebowitz to submit a list of all Northern District of
California cases in which he has appeared during the past five years and to describe the type of
work he has performed on each case.  Liebowitz filed his response, and the accompanying list, on
April 27, 2020.  ECF No. 23.

"*Pro hac vice* counsel, once admitted, are entitled to notice and an opportunity to respond
before being disqualified and having their status revoked."  *Cole v. U.S. Dist. Ct. for Dist. of
Idaho*, 366 F.3d 813, 822 (9th Cir. 2004).  The Northern District's Civil Local Rules do not define
what it means to be "regularly engaged in the practice of law" in California.  While the Ninth
Circuit has not considered the scope of Local Rule 11-3(b)(2), it has defined what it means to
"appear" before a district court.  *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 824
(9th Cir. 2009).  In *Winterrowd*, the court held that an Oregon attorney who had not obtained pro
hac vice admission to the Central District of California could recover fees for work performed in
that district because he "did not physically appear before the Central District, did not sign
pleadings in the case before the Central District, had minimal, nonexclusive contacts with the []
plaintiffs, [a California-licensed attorney] was the person who alone remained responsible to the
plaintiffs, and [the Oregon attorney] did not render legal services directly to the plaintiffs."  *Id.* at
825.

According to the list he submitted in his response to the Court's order to show cause,
Liebowitz has been involved in 21 cases in this district since January 2019.  *See* ECF No. 23-1.

---

[1] Liebowitz filed a motion to correct or vacate the order, ECF No. 5, which is still pending.

At least two of these cases were filed in other districts and subsequently transferred to this district. *See Adlife Mktg. & Commc'ns Co. v. Popsugar*, No. 19-cv-297; *Paunonen v. VAAS*, No. 19-cv-6295. In two cases, Liebowitz did not apply for pro hac vice admission or associate with local counsel. *See Singer v. Pixel Labs, Inc.*, No. 19-cv-4826; *Chevrestt v. SFG Media Grp., LLC*, No. 19-cv-4826. In three cases, his pro hac vice admission has been revoked based on Judge Donato's order of disbarment. *See Verch v. 121 Silicon Valley, Inc.*, No. 19-cv-5098; *Westerkamp v. Nat'l Assoc. of Social Workers*, No. 19-cv-5423; *Kuhmstedt v. Livingly Media, Inc.*, No. 19-cv-5858.

In all of these cases, Liebowitz alone has signed the complaints. Except where his admission has been revoked, he alone has also signed notices of settlement, stipulations of dismissal, and motions for entry of default. These actions make clear that in all of these cases, Liebowtiz "alone remained responsible to the plaintiffs" and "render[ed] legal services directly to [them]." *Winterrowd*, 556 F.3d at 825. The Court finds that he has thus "appeared" in 21 cases in this District within the past 16 months.

In his response, Liebowitz argues that Judge Donato's order of disbarment does not preclude Liebowitz from practicing in this district pro hac vice. ECF No. 23 at 3. That may be so. However, Liebowitz does not rebut the Court's concerns regarding whether he is "regularly engaged in the practice of law in the State of California" as set forth in Rule 11-3(b)(2).

Liebowitz correctly notes that the rule does not specify how many cases an out-of-state attorney may file before he would be considered "regularly engaged in the practice of law in the State of California," and argues that 21 falls below this threshold. *Id.* at 4. He cites no authority for this position, but contends that given the large number of copyright cases his firm files – more than 2,300 in federal court since January 2016 – "21 cases filed within a year . . . is actually quite *infrequent*." *Id.* at 3-4. Liebowitz adds that "many of the cases filed are simple actions, involving a single photograph of modest value," *id.* at 4, though he does not explain what bearing this fact might have on whether these cases constitute "the practice of law."

These arguments are beside the point. By any common-sense metric, filing and litigating 21 cases over the course of 16 months constitutes regular engagement in the practice of the law. *See Mendoza v. Golden W. Sav. Ass'n Servs. Co.*, No. CV 09-1200 GAF (VBKx), 2019 WL

United States District Court
Northern District of California

United States District Court
Northern District of California

1   2050486, at *2 (C.D. Cal. July 7, 2009) ("The Court considers nine pending cases in the Central

2   District of California – in addition to any cases [the attorney] has pending in the three other federal

3   districts in California – to be regular practice that disqualifies him from pro hac vice admission.").

4   Because Liebowitz has cited no authority to the contrary,[2] the Court finds that he is barred from

5   practicing pro hac vice pursuant to Local Rule 11-3(b)(2). Accordingly, Liebowitz's pro hac vice

6   admission is revoked.

7         Given that Liebowitz alone signed the complaint and motion for entry of default, *see* ECF

8   No. 14, the Court vacates the entry of default and dismisses the case without prejudice. The clerk

9   shall close the file.

10         **IT IS SO ORDERED.**

11   Dated: May 14, 2020



                              JON S. TIGAR
                       United States District Judge

---

2       In *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO, 2015 WL 1474866, at *2-3
(N.D. Cal. Jan. 14, 2015), the court found that a New Jersey attorney who had appeared in 14
Northern District cases, including twelve in the prior three years, was not "regularly engaged in
the practice of law" in California. Unlike Liebowitz, however, that attorney merely provided
"supporting services to the in-state attorney and any other attorneys admitted in the case." *Id.* at
*2. He did not sign briefs, communicate with clients (except for one out-of-state meeting with a
client after a case had been dismissed), or have any contact with opposing counsel. *Id.* Evaluating
this activity under *Winterrowd*, the court held that the attorney may not have even appeared in
California, much less been regularly engaged in the practice of law there. *Id.*; *see also Finder v.
Leprino Foods Co.*, No. 1:13-cv-02059-AWI-BAM, No. 1:17-cv-00796-AWI-BAM, 2019 WL
6894468, at *4 (E.D. Cal. Dec. 18, 2019) (declining to revoke pro hac vice status of out-of-state
attorney who had participated in at least 19 cases in the Eastern District of California over eleven
years because the court did not know if the attorney had "physically appeared in California, is the
lead or primary counsel, signed briefs, argued cases, or otherwise actively litigated the cases").
Liebowitz, by contrast, has been solely responsible for drafting and filing complaints and
negotiating settlements, which seems to be the extent of his practice.