

1  Gregory P. Goonan (Cal Bar # 119821)
   **THE AFFINITY LAW GROUP®**
2  5230 Carroll Canyon Road, Suite 230
   San Diego, CA 92121
3  Telephone: (858) 412-4296
   Facsimile: (619) 243-0088
4  Email: ggoonan@affinity-law.com

5  Attorneys for Plaintiff
6  Jose Alvarado

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 JOSE ALVARADO,                    )
                                     ) CASE NO.  4:19-cv-06417-JST
12                Plaintiff,         )
   vs.                               ) **MOTION AND [PROPOSED] ORDER BY**
13                                   ) **PLAINTIFF JOSE ALVARADO FOR**
   MOTHER JONES, LLC,                ) **LEAVE TO FILE A MOTION FOR**
14                                   ) **RECONSIDERATION**
                                     ) [Local Rule 7-9(a)]
15                Defendant.         )
                                     )
16                                   ) Judge: Hon. Jon S. Tigar
                                     )
17 _____

18                              INTRODUCTION

19     Plaintiff Jose Alvarado ("Plaintiff"), by and through his undersigned attorneys
20 of record, hereby submits this motion pursuant to Local Rule 7-9(a) to request leave
21 to file a motion for reconsideration.  By his proposed motion for reconsideration,
22 Plaintiff will ask the Court to reconsider its orders vacating Defendant's default and
23 dismissing this case (ECF 25, 26).

24                              DISCUSSION

25     The facts showing reasonable diligence by Plaintiff and that the requirements
26 of Local Rule 7-9(b) are satisfied are the following:

27

28 **MOTION AND [PROPOSED] ORDER BY PLAINTIFF JOSE ALVARADO FOR LEAVE
   TO FILE A MOTION FOR RECONSIDERATION
   [Local Rule 7-9(a)]**
   1

1. This case was filed on October 7, 2019. An attorney named Richard Liebowitz signed and filed the complaint. Mr. Liebowitz is admitted to practice in the State of New York and is not admitted to practice in the State of California or before this Court.

2. Mr. Liebowitz filed an application for pro hac vice admission on October 21, 2019 (ECF 7).

3. The Court granted Mr. Liebowitz's pro hac vice application on October 22, 2019 (ECF 8).

4. The undersigned – who is an attorney admitted in the State of California and before this Court – filed a notice of appearance as local counsel on December 4, 2019 (ECF 9).

5. Defendant did not file a timely response to Plaintiff's complaint following service of the summons and complaint. Consequently, upon motion by Plaintiff, the Clerk entered Defendant's default on March 19, 2020 (ECF 15).

6. Following the filing of an "amicus" brief by an entity who is not a party to this case, on April 16, 2020 the Court issued an order to show cause (the "April 16 OSC") (ECF 22) why Mr. Liebowitiz's pro hac vice status should not be revoked.

7. The April 16 OSC expressly provided as follows: "Liebowitz is ordered to show cause why his pro hac vice admission should not be revoked pursuant to this rule [Local Rule 11-3(b)(2)]." [April 16 OSC at p. 1, lines 18-19.]

8. Critically, the April 16 OSC never warned Plaintiff that Defendant's default might be vacated or that this case might be dismissed if the Court revoked Mr. Liebowitz's pro hac vice admission.

9. Likewise, the April 16 OSC never raised the issue as to why this case could not proceed with the undersigned as counsel of record even if Mr. Liebowitz's pro hac vice admission was revoked.

**MOTION AND [PROPOSED] ORDER BY PLAINTIFF JOSE ALVARADO FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**
[Local Rule 7-9(a)]

2

10. Mr. Liebowitz submitted his response to the April 16 OSC on April 27, 2020 (ECF 23). Because there was no warning about either the possibility of dismissal or the possibility that the Court might vacate Defendant's default, Mr. Liebowitz's response to the April 16 OSC did not address the issue of dismissal or whether this case could proceed with the undersigned as counsel of record even if Mr. Liebowitz's pro hac vice admission were revoked.

11. On May 14, 2020 (ECF 24, 25) the Court entered an order that (a) revoked Mr. Liebowitz's pro hac vice admission; (b) vacating Defendant's default; and (c) dismissing this action.

12. This case stands in a very analogous procedural posture as _Geerds v. San Francisco Bay View, Inc._, Case No. 19-cv-06465-JST (the "_Geerds_ Case"), also pending before this Court.

13. Just as was true here, Mr. Liebowitz filed the complaint in the _Geerds_ Case and then filed an application for pro hac vice admission. The undersigned then made an appearance as local counsel.

14. Like Defendant here, the defendant in the _Geerds_ Case did not timely respond to the complaint there, and the Clerk entered the defendant's default.

15. The difference between this case and the Geerds Case is that the Court had not granted (nor denied) Mr. Liebowitz's pro hac vice application at the time the Clerk entered the defendant's default.

16. On May 28, 2020, the Court issued an order to show cause (the "May 28 OSC") (ECF 27) in the _Geerds_ Case. Unlike the April 16 OSC here, the Court's May 28 OSC in the _Geerds_ Case specifically instructed Mr. Liebowitz to show cause why the _Geerds_ Case should not be dismissed in light of the Court's dismissal order in this case.

17. Having been advised of the risk of dismissal, the undersigned submitted

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

**MOTION AND [PROPOSED] ORDER BY PLAINTIFF JOSE ALVARADO FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**
[Local Rule 7-9(a)]

3

a response (ECF 28) to the May 28 OSC explaining that the undersigned was prepared to litigate the Geerds Case to conclusion as lead counsel.

18.   Consequently, on June 10, 2020, the Court entered an order (ECF 29) by which the Court: (a) vacated the May 28 OSC in the *Geerds* Case; and (b) denying Mr. Liebowitz's pro hac vice application.

\* \* \* \* \* \*

As was true in the Geerds Case, the undersigned is prepared to litigate the present case to completion as lead counsel.  Had the April 16 OSC warned of the possibility that Defendant's default would be vacated and this case would be dismissed, the undersigned would have explained (as he did in response to the May 28 OSC in the *Geerds* Case) that he would step in and litigate this case.

Given the foregoing, Plaintiff respectfully requests leave to file a motion for reconsideration of the Court's orders (ECF 24, 25) vacating Defendant's default and dismissing this case.

DATED: June 11, 2020                              THE AFFINITY LAW GROUP


By:  /s/ Gregory P. Goonan
     Gregory P. Goonan
     Attorneys for Plaintiff
     Jose Alvarado

## [PROPOSED] ORDER

The Court, having considered the foregoing Motion, and good cause appearing, hereby grants Plaintiff leave to file a motion for reconsideration to address the Court's orders (ECF 24, 25) vacating Defendant's default and dismissing this case.

**IT IS SO ORDERED.**

Dated: June __, 2020

_____
Hon. Jon S. Tigar
United States District Judge

**MOTION AND [PROPOSED] ORDER BY PLAINTIFF JOSE ALVARADO FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**
**[Local Rule 7-9(a)]**

5